*A. Dyer,* for appellants.

*J. M. Shackelford,* for appellee.

---

## UNVERSAW *v.* MYERS.

REAL ESTATE, RECOVERY OF.—*Pleading.*—*Defective Description.*—Where the complaint in an action to recover the possession of real estate described the land as "six — of lot number five," etc., and the finding was "six acres of lot number five," etc.;

*Held,* that the finding did not cure the defect in the description of the premises in the complaint.

APPEAL from the Marion Circuit Court.

DOWNEY, J.—The appellee sued the appellant, alleging in the first paragraph of his complaint, that he was the owner in fee simple, and entitled to the possession of six—— of lot number five, in Daniel Yandes' sub-division of the Carson farm, lying south of and adjoining the two acres heretofore sold to Frederick Janeike, being two acres off the north end of said lot, situated in Marion county, Indiana; that the defendant then held possession of said land without right, and for one year past had unlawfully kept the plaintiff out of possession; wherefore, etc.

In the second paragraph he alleged, that on or about the 15th day of April, 1868, at the county of Marion, Indiana, the defendant, without leave, unlawfully entered upon the space and strip of ten feet in width off the south side of a parcel of six acres of lot number five, in Daniel Yandes' sub-division of the Carson farm, as described in the first paragraph of the complaint, of which the plaintiff was then

owner, and dug a great number of holes therein, by which plaintiff was damaged to the amount of two hundred dollars, for which he demanded judgment.

· In the third paragraph he alleged that he was the owner of the strip of ten —— wide off the south side of the six-acre parcel of ground described in paragraph two, to which description he refers and adopts as part of this paragraph; and said defendant, Unversaw, sets up a claim to the ownership of or some interest in the same; wherefore, etc.

Answer, the general denial.

There was a trial by the court, and finding that the plaintiff was the owner and entitled to the possession of the real estate in the complaint described, to wit, "six acres of lot number five, in Daniel Yandes' sub-division of the Carson farm, in the county of Marion, and State of Indiana, to wit, commencing at a point eight rods south of the north-east corner of said lot number five, thence south twenty-four rods, thence west, parallel with the north boundary line of said lot number five, forty rods, thence north, parallel with said east line, twenty-four rods, thence east, parallel with said south line, forty rods, to the place of beginning; and the court assesses the plaintiff's damages for the detention thereof at ten dollars." The defendant moved the court to grant him a new trial, for the reasons, that the finding of the court was contrary to law, was not sustained by the evidence, and was contrary thereto. This motion the court overruled, and the defendant excepted, and, within the time allowed by the court, filed his bill of exceptions containing the evidence.

The errors assigned call in question the sufficiency of the several paragraphs of the complaint, and the correctness of the ruling of the court in refusing to grant a new trial.

The first paragraph is the only one on which the finding and judgment of the court could have been based. It is the only one which seeks the recovery of possession of real property. The second is in trespass *q. c. f.*, and the third is to quiet title. We think the description of the land sought

The Ind'polis and Cin. R. R. Co. *v.* The State, *ex rel.* the City of Lawrenceburg.

to be recovered in the first paragraph is wholly insufficient. There is a blank in it in which we might insert acres, roods, perches, or feet, but we cannot know which was intended.

It is expressly provided by the code, that in the action to recover real property, "the plaintiff in his complaint shall state that he is entitled to the possession of the premises, particularly describing them," etc. 2 G. & H. 282, sec. 595.

The foundation upon which the recovery rests being thus insufficient, we cannot sustain the judgment, nor need we examine any other question.

The judgment is reversed, with costs, and the cause remanded.*

*B. K. Elliot,* for appellant.

*S. E. Perkins* and *S. E. Perkins, Jr.,* for appellee.

*Petition for a rehearing overruled.